Sascha LYNCH, Plaintiff-Appellant,

v.

PFIZER, INC., Defendant-Appellee.

No. 16-55494

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2017 *

Filed April 21, 2017

Sascha Lynch, Pro Se

Alicia Donahue, Esquire, Attorney, Patrick J. Gregory, Attorney, Shook, Hardy & Bacon LLP, San Francisco, CA, Brian P. Ziska, Shook, Hardy & Bacon LLP, Irvine, CA, for Defendant-Appellee

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Sascha Lynch appeals pro se from the district court's order dismissing her diver-

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

sity action alleging claims arising from an intrauterine device. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of the applicable statute of limitations. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We affirm.

The district court properly dismissed Lynch's action as barred by the statute of limitations because Lynch was on inquiry notice of her injury more than two years before filing this lawsuit. *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808, 27 Cal.Rptr.3d 661, 110 P.3d 914 (2005) (plaintiffs are charged with "presumptive knowledge of an injury if they have information of circumstances to put them on inquiry" (citations omitted and internal quotation marks omitted)); *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 398 n.3, 87 Cal.Rptr.2d 453, 981 P.2d 79 (1999) (knowledge of the harm is not required for the claim to accrue).

We do not consider issues which are not supported by argument. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993).

Lynch's request for judicial notice (Docket Entry No. 17) is denied.

**AFFIRMED.**